IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCHOLL'S 4 SEASONS MOTOR SPORTS, INC., | ) ) | |
| Plaintiff, | ) ) | Case No. 09 C 7954 |
| v. | ) ) | Hon. George W. Lindberg |
| ARCTIC CAT SALES, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Arctic Cat Sales Inc.'s ("Arctic Cat") motion to dismiss plaintiff Scholl's 4 Season Motor Sports, Inc.'s ("Scholl") four-count First Amended Complaint ("complaint"). For the reasons set forth more fully below, the motion to dismiss is granted in part and denied in part. Arctic Cat seeks to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Arctic Cat argues that Scholl has not properly stated claims for: (1) a violation of the Illinois Franchise Disclosure Act ("IFDA"); (2) breach of contract; (3) promissory estoppel; and (4) a violation of the Illinois Equipment Fair Dealership Law ("IEFDL").

*I. Rule 12(b)(6) Standard of Review*

In order to survive a Rule 12(b)(6) motion to dismiss, Scholl's complaint must provide grounds for entitlement to relief that are more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). A formulaic recitation of the elements of a cause of action will not suffice. *Id*. Instead, Scholl's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is plausible on its

face. *Id.* at 570. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in Scholl's favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir.2007). In addition to the complaint, the Court may also consider exhibits attached to the complaint in ruling on the Rule 12(b)(6) motion. *Rowell v. Franconita Minerals Corp.*, 582 F. Supp. 2d 1031, 1032 n.1 (N.D. Ill. 2008).

## II. Background Facts

This case stems from a dispute between Arctic Cat, a manufacturer of all-terrain vehicles ("ATVs") and snowmobiles, and Scholl, one of Arctic Cat's ATV and snowmobile dealers. Scholl has operated its store in Elgin, Illinois for more than 35 years. Until recently, Scholl's business specialized in selling, maintaining, and repairing ATVs and snowmobiles. For the past 10 years, Scholl was a single line dealer, selling only Arctic Cat brand ATVs and snowmobiles. During the course of their commercial relationship, Scholl and Arctic Cat entered into numerous dealer agreements regarding the sale and marketing of Arctic Cat ATVs and snowmobiles. The most recent ATV dealer agreement was dated August 1, 2006 and the most recent snowmobile dealer agreement was dated July 2007. Beginning in 2003, Scholl's profitability began to decline. Scholl claims that its decreased profits were a result of Arctic Cat's overproduction of its vehicles. This case stems from damages Scholl claims it incurred as a result of Arctic Cat's overproduction.

## III. Legal Analysis

### A. Count I - Violation of the IFDA

Arctic Cat moves to dismiss Count I, arguing that Scholl failed to allege that it was a

franchise under the IFDA, 815 Ill. Comp. Stat. 705/3(1) (2004), and that Arctic Cat was justified in terminating the disputed dealer agreements. Whether Scholl should be considered a "franchise" under the IFDA is a factual inquiry that is not appropriate at this early stage in the litigation. Scholl claims that it is a franchise under the act, and it has sufficiently alleged the requisite elements of a franchise relationship to survive a Rule 12(b)(6) motion to dismiss. *See Carl A. Haas Auto Imports, Inc. v. Lola Cars Ltd.*, 933 F. Supp. 1381, 1393 (N.D. Ill. 1996).

Whether Arctic Cat was justified in terminating Scholl's dealer agreements is also a factual inquiry that this Court cannot appropriately decide at this stage in the litigation. Therefore, these arguments cannot serve as a basis for dismissing the IFDA claim and the motion to dismiss is denied as to Count I.

### B. Count II - Breach of Contract

Arctic Cat seeks to dismiss Count II, arguing that Scholl failed to allege that it performed its obligations under the disputed dealer agreements and failed to identify a single provision in those agreements that Arctic Cat breached. Under Minnesota law, which controls enforcement of the disputed dealer agreements pursuant to Section 20.8 of those agreements, "a claim for breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the plaintiff, and (3) the breach of the contract by the defendant." *Thomas B. Olson & Assoc., P.A. v. Leftward, Jay & Polglaze, P.A.*, 756 N.W. 2d 907, 918 (Minn. App. 2008).

Scholl has sufficiently alleged that it fulfilled its duties under the dealer agreements, while Arctic Cat did not. Whether discovery will support those allegations is not relevant at this point in the case. Accordingly, the motion to dismiss is denied as to Count II.

### C. Count III - Promissory Estoppel

Scholl claims that Michael Killian ("Mr. Killian"), Arctic Cat's regional manager, breached an oral promise that he made to Scholl's president, Michael Scholl, in September 2007. According to Scholl, Mr. Killian, on behalf of Arctic Cat, promised to pick up older ATVs from Scholl, but never followed through with his promise. Arctic Cat moves to dismiss the promissory estoppel claim, arguing that it is precluded by the existence of the written dealer agreements and that it is barred by the statute of frauds.

To state a promissory estoppel claim, Scholl must allege that: (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise; (3) plaintiff's reliance was expected and foreseeable by defendants; and (4) plaintiff relied on that promise to its detriment. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill.2d 281 (1990). The subject matter of the alleged oral promise by Mr. Killian was separate and distinct from the subject matter of the disputed dealer agreements. Mr. Killian, on behalf of Arctic Cat, allegedly promised to take back certain ATVs and snowmobiles in Scholl's inventory. The dealer agreements involved an agreement by Arctic Cat to supply School with – not take back – ATVs and snowmobiles. Therefore, the mere existence of the written dealer agreement does not preclude this promissory estoppel claim.

Count III is also not barred by the Illinois statute of frauds because it was not impossible to complete the alleged oral promise within one year. *See Goldstick v. ICM Realty*, 788 F.2d 456, 461 (7th Cir. 1986). Therefore, the motion to dismiss is denied as to Count III.

### D. Count IV - Violation of the IEFDL

The IEFDL specifically excludes retailers of petroleum and motor vehicles from coverage under the law. 815 Ill. Comp. Stat. 715/2 (4). In the complaint, Scholl concedes that it is a motor vehicle retailer. Therefore, it not covered under the IEFDL and cannot state a claim for a violation of the IEFDL. Accordingly, the motion to dismiss is granted as to Count IV. In the event Scholl obtains evidence during discovery indicating that it is not a motor vehicle retailer as defined under the IEFDL, it can seek leave of Court to amend the complaint to include this claim.

### IV. Conclusion

For the reasons set forth more fully above, the motion to dismiss is granted in part and denied in part. The motion is granted as to Count IV and denied as to Counts I, II and III.

**ORDERED:** Arctic Cat Sales Inc.'s motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) [11] is granted in part and denied in part. The motion is granted as to Count IV, which is dismissed. The motion is denied is to Counts I - III. It is so ordered.

ENTER:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: February 23, 2010

5