UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHOLL'S 4 SEASONS SPORTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 7954 |
| v. ) | |
| ) | Senior U. S. District Court Judge |
| ARCTIC CAT SALES INC., ) | George W. Lindberg |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 18, 2009, plaintiff, Scholl's 4 Season Motor Sports, Inc., filed suit in the Circuit Court of Cook County, Illinois, alleging claims for violation of the Illinois Franchise Disclosure Act, 815 Ill. Comp. Stat. 705/3, *et seq.*, and breach of contract against defendant, Arctic Cat Sales Inc. Defendant removed the action to this Court on December 23, 2009, pursuant to 28 U.S.C. §1441, *et seq.* On December 29, 2009, plaintiff filed its first amended complaint alleging additional claims of promissory estoppel and violation of the Illinois Equipment Fair Dealership Law (IEFDL) 815 Ill. Comp. Stat. 715/2. Before the Court is plaintiff's motion for leave to file a second amended complaint. For the reasons set forth more fully below, the motion for leave to amend is denied.

This case stems from a dispute between defendant, a manufacturer of all-terrain vehicles and snowmobiles, and plaintiff, one of defendant's all-terrain vehicle and snowmobile dealers. Plaintiff has operated its store in Elgin, Illinois, for more than 35 years. Until recently, plaintiff's business specialized in selling, maintaining, and repairing all-terrain vehicles and snowmobiles. For more than ten years prior to the filing of this action plaintiff was a single line dealer, selling only defendant's vehicles. During the course of their commercial relationship, plaintiff and

defendant entered into numerous dealer agreements regarding the sale and marketing of defendant's vehicles. The most recent all-terrain vehicle dealer agreement was dated August 1, 2006, and the most recent snowmobile dealer agreement was dated July 2007. Beginning in 2003 plaintiff's profitability began to decline. Plaintiff claims that its decreased profits were a result of defendant's overproduction of its vehicles. Plaintiff claims it incurred damages as a result of defendant's overproduction.

In the first amended complaint, plaintiff characterized itself as a motor vehicle retailer. On January 12, 2010, defendant filed a Rule 12(b)(6) motion to dismiss. On February 23, 2010, this court denied in part and granted in part defendant's motion, and dismissed plaintiff's IEFDL claim because the IEFDL specifically excluded retailers of motor vehicles from coverage under the law. 815 ILCS 715/2(4).

In another case, the Circuit Court of Cook County, Illinois ruled on September 17, 2010, that plaintiff was not a motor vehicle dealer. Plaintiff then filed this motion for leave to amend, seeking to again allege a claim for violation of the IEFDL.

At the time plaintiff and defendant entered into the contract at issue, and at the time plaintiff brought this complaint, the IEFDL defined inventory as "farm implements, farm machinery, attachments, accessories, outdoor power equipment, construction equipment, industrial equipment, attachments, accessories and repair parts." 815 ILCS 715/2(2) (language prior to amendments effective July 21, 2010). By the plain meaning of the quoted language, all-terrain vehicles and snowmobiles did not fall within § 715/2(2)'s definition of inventory. This court has found no caselaw where the IEFDL definition of inventory included all-terrain vehicles

09 C 7954

or snowmobiles.

On July 21, 2010, the Illinois General Assembly amended 815 Ill. Comp. Stat. 715/2(2) to include "all-terrain vehicles" within the meaning of inventory. Plaintiff urges this court to apply this amended language retroactively to allow the IEFDL claim against defendant. As plaintiff's franchise was terminated in August 2009, it is difficult to see how a statute effective almost eleven months later could possibly apply to that relationship. Moreover, Illinois follows "the traditional 'presumption against statutory retroactivity' . . . ." *Premier Property Management, Inc., v. Chavez*, 191 Ill. 2d 101, 122(2000) (quoting *Landgraf v. Usi Film Prods* 511 U.S. 244, 286 (1994)). This presumption "has special force" when courts consider legislation that affects "property and contract rights." *Id*. at 123 (quoting *Landgraf* 511 U.S. at 256-57). Because the Illinois General Assembly did not specify that the July 21 amendment was to apply retroactively, this Court declines to so apply it.

ORDERED: Plaintiff Scholl's 4 Seasons Motor Sport, Inc.'s, motion for leave to file a second amended complaint [87] is denied.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

Dated: October 18, 2010