# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7954 | **DATE** | 1/11/2011 |
| **CASE TITLE** | Scholl's 4 Seasons Motor Sports, Inc. vs. Arctic Cat Sales, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration and to amend or alter judgment [119] is denied. Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration and to amend or alter judgment [123] is denied. The parties' joint proposed final pretrial order as to defendant's counterclaims must be delivered to Judge Lindberg's chamber, Room 2502, by 2:00 p.m. on January 27, 2011.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

Before the Court are two motions filed by plaintiff Scholl's 4 Seasons Motor Sports, Inc. ("Scholl"), pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), seeking to amend or alter a judgment. For the reasons set forth more fully below, both motions are denied.

As an initial matter, this Court has not entered a judgment in this case. Therefore, both Rule 59(e) motions are premature and could be denied solely on that basis. Nevertheless, the Court will consider the motions on their merits because *sua sponte*, or at the request of a party, the Court can reconsider a prior ruling. *See Jenkins v. Keating*, 147 F.3d 577, 581 (7th Cir. 1998).

Scholl's first motion seeks reconsideration of this Court's order granting summary judgment in defendant Arctic Cat Sales Inc.'s ("Arctic Cat") favor as to Scholl's claims for a violation of the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705/3, *et seq*., and promissory estoppel. In a memorandum opinion and order dated November 16, 2010, this Court granted Arctic Cat's motion for summary judgment as to Scholl's IFDA, breach of contract, and promissory estoppel claims. Scholl does not seek reconsideration of the Court's ruling on the breach of contract claim.

In the IFDA claim, Scholl alleged that Arctic Cat violated a dealer agreement without good cause. The Court disagreed and granted summary judgment in favor of Arctic Cat. The evidentiary record before the Court showed that Arctic Cat's termination of the dealer agreement was reasonable and complied with

| STATEMENT |
|---|

the IFDA. Nothing in Scholl's motion to reconsider persuades that Court that it erred in its original determination. Accordingly, the motion to reconsider is denied as to the IFDA claim.

The second part of Scholl's motion addresses the Court's finding that Scholl could not prevail on its promissory estoppel claim because there was no evidence that Arctic Cat made an unambiguous promise to remove Scholl's overstocked inventory. Again, nothing in Scholl's motion persuades the Court that its original determination was in error, thus the motion to reconsider is denied.

Scholl's second motion seeks reconsideration of this Court's decision to exclude expert testimony from Lawrence Mazzeffi ("Mazzeffi"). In light of the Court's denial of the motion to reconsider the summary judgment ruling, this motion appears moot. Regardless, the Court will still consider the merits of the motion. In support of its motion to reconsider, Scholl argues that a "recent" Seventh Circuit case supports allowing Mr. Mazzeffi's testimony. The Seventh Circuit decided the case Scholl cites, *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Intern., Inc.*, 533 F.3d 555, 560 (7th Cir. 2008), on July 10, 2008, more than two years before Scholl filed its response to Arctic Cat's motion to exclude. *Compania* is not "recent" for purposes of a motion to reconsider. More importantly, the findings in *Compania* do not support Scholl's argument that this Court improperly barred Mr. Mazzeffi's testimony. The remainder of Scholl's motion to reconsider is an improper attempt to rehash, or expound upon arguments made in the original response to the motion to exclude. Nothing in Scholl's
 motion to reconsider persuades the Court that Mazzeffi's testimony should be allowed.

For these reasons, both motions to reconsider are denied. It is so ordered.